**UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT**
**DOCKETING STATEMENT--CIVIL/AGENCY CASES**

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | 23-2176(L), 23-2284; Su v. Medical Staffing of America, LLC, et al. |
| **Originating No. & Caption** | 2:18-cv-226; Su v. Medical Staffing of America, LLC, et al. |
| **Originating Court/Agency** | U.S. District Court for the Eastern District of Virginia |

| **Jurisdiction** (answer any that apply) | | |
|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 U.S.C. § 1291 (see below) | |
| Time allowed for filing in Court of Appeals | 60 days | |
| Date of entry of order or judgment appealed | December 8 and 11, 2023 | |
| Date notice of appeal or petition for review filed | December 11, 2023 | |
| If cross appeal, date first appeal filed | | |
| Date of filing any post-judgment motion | | |
| Date order entered disposing of any post-judgment motion | | |
| Date of filing any motion to extend appeal period | | |
| Time for filing appeal extended to | | |
| Is appeal from final judgment or order? | ◉ Yes | ○ No |
| If appeal is not from final judgment, why is order appealable? | | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-731-9099.) | | |
|---|---|---|
| Is settlement being discussed? | ○ Yes | ◉ No |

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ○ Yes | ◉ No |
| Has transcript been filed in district court? | ◉ Yes | ○ No |
| Is transcript order attached? | ○ Yes | ◉ No |

| **Case Handling Requirements** (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | 22-1290 | |
| Case number of any pending appeal in same case | 23-2176 | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ◉ No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ◉ Yes | ○ No |
| Does case involve question of first impression? | ○ Yes | ◉ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ◉ No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

| **Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.) |
|---|
| This appeal arises from a U.S. Department of Labor FLSA enforcement action against appellants Medical Staffing of America ("MSA") and its owner, Lisa Pitts. From 2015 through January 2022, MSA classified nursing workers listed on its staffing registry as independent contractors for purposes of the FLSA. DOL alleged MSA's contractor nurses should have been classified as "employees" under the FLSA, and thus were entitled to statutory overtime wages going back to 2015. After a bench trial, the District Court agreed with DOL with respect to MSA's classification of its nursing workers. The District Court enjoined MSA from violating the FLSA, and sought further records and calculations from the parties relating to computation of backpay and potential liquidated damages. While the District Court was considering certain motions relating to backpay and liquidated damages, this Court received briefing and oral argument on the merits of MSA's worker classification and the District Court's injunction. This Court, in an unpublished May 31, 2023 decision, vacated and remanded the District Court's injunction. On September 7, 2023, the District Court issued a new injunction order imposing specific constraints on MSA's classification practices for its nursing workers. On December 8, 2023, the District Court ordered MSA to pay $9,346,663.23 in back pay and liquidated damages, and it entered final judgment on December 11. MSA now appeals. |

**Issues** (Non-binding statement of issues on appeal.  Attach additional page if necessary)

The major issues for appeal so far are:

1. Whether the District Court misallocated the burden of proof with respect to DOL's allegation that Medical Staffing of America's s nursing workers must be classified as "employees" under the FLSA?

2. Whether certain District Court factual findings were clearly erroneous because they were contradicted by the record evidence?

3. Whether the District Court erred as a matter of law in deeming Medical Staffing of America's nursing workers employees rather than independent contractors under the six-factor test employed by the Fourth Circuit in FLSA worker classification disputes?

4. Whether the District Court abused its discretion by adopting a false DOL backpay computation table that overstated by millions of dollars the amounts allegedly owed?

5. Whether the District Court erred in rejecting Medical Staffing of America's good faith defense against liquidated damages?

**Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel.  Attach additional page if necessary.)

| Adverse Party: Julie A. Su, Acting Secretary of Labor | Adverse Party: |
|---|---|
| Attorney: Anne W. King<br>Address: Office of the Solicitor<br>200 Constitution Ave., NW<br>Room N-2716<br>Washington, D.C. 20210 | Attorney:<br>Address: |
| E-mail: king.anne.w@dol.gov | E-mail: |
| Phone: (202) 663-4699 | Phone: |

**Adverse Parties (continued)**

| Adverse Party: | Adverse Party: |
|---|---|
| Attorney:<br>Address: | Attorney:<br>Address: |
| E-mail: | E-mail: |
| Phone: | Phone: |

| **Appellant** (Attach additional page if necessary.) | |
|---|---|
| Name: Medical Staffing of America, LLC<br><br>Attorney: Abram J. Pafford<br>Address: McGuireWoods LLP<br>888 16th St., NW<br>Suite 500<br>Washington, D.C. 20006<br><br>E-mail: apafford@mcguirewoods.com<br><br>Phone: (202) 857-1725 | Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |
| **Appellant (continued)** | |
| Name: Lisa Ann Pitts<br><br>Attorney: Abram J. Pafford<br>Address: McGuireWoods LLP<br>888 16th St., NW<br>Suite 500<br>Washington, D.C. 20006<br><br>E-mail: apafford@mcguirewoods.com<br><br>Phone: (202) 857-1725 | Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |

**Signature:** /s/ Abram J. Pafford    **Date:** December 27, 2023

**Counsel for:** Appellants Medical Staffing of America, LLC and Lisa Ann Pitts

**Certificate of Service** *(required for parties served outside CM/ECF)*: I certify that this document was served on _____ by ☐ personal delivery; ☐ mail; ☐ third-party commercial carrier; or ☐ email (with written consent) on the following persons at the addresses or email addresses shown:

| | |
|---|---|
| | |
| Signature: | Date: |